BENJAMIN READ *vs.* JOHN SUTTON.

The clerk's docket is the record of the court, until the record is fully extended; and every entry upon it is the statement of an act of the court, which is presumed to be made by its direction, in pursuance either of an order for the particular entry, or of a general order, or of a general usage presupposing such an order.

THIS was a bill in equity, filed in this court on the 15th of September, 1846, for the redemption of certain real estate therein particularly described.

From the statements in the bill which were not controverted, it appeared, that, on the petition of the plaintiff, presented to a master in chancery on the 21st of July, 1846, proceedings in insolvency were instituted against one Alfred P. Bartlett, the mortgagor of the premises in question, in pursuance of which proceedings, all the estate of Bartlett, which he was possessed of, interested in, or entitled to, on the 24th of July, 1846, was assigned by the master to Francis H. Dewey, esquire, who was duly chosen assignee thereof; that the assignee, on the 11th of September, 1846, by his deed of that date, duly executed, delivered and left in the registry of deeds to be recorded, on the 14th of the same month, assigned all his right, title and interest, as assignee, in the mortgaged premises to the plaintiff; that Bartlett, the insolvent, previous to the proceedings in insolvency against him, made a mortgage of the premises to Alpheus M. Merrifield, as security for the payment of three hundred dollars, on demand, which mortgage was duly assigned by Merrifield to the defendant, on the 6th of August, 1846; that a judgment having been recovered at the June term, 1846, of the court of common pleas, by the Quinsigamond Bank against Bartlett, for $421·87, debt, and $6·12, costs, execution issued on the same on the 22d of June, 1846, and the officer having such execution attached and took thereon all the right in equity which Bartlett had on the 20th day of March, 1846, to redeem the premises, and duly sold and conveyed the same to the defendant, on the 25th of July, then next, for the sum

of six hundred dollars; and that the defendant then came into and had ever since been in possession of the premises, under and by virtue of such sale and conveyance.

The bill then proceeded to allege, that the levy and sale by the officer conveyed no title to the defendant, for the reason, that in the action brought by the Quinsigamond Bank against Bartlett, " the judgment was not rendered in due course upon a verdict, or upon a default of the said Bartlett, nor was the judgment rendered by order of the court of common pleas, or any justice thereof, but when the actions which were returnable at said court at the term held on the third Monday of June last, were called over on the fourth day of the term, and the action of the said bank was called in due course of the docket, the court ordered, that the said defendant being *ex re.* said action should be continued to the next term of said court, and that thereafter, without any authority from said court, and without any knowledge of the presiding justice thereof, an entry of judgment was made by the clerk of the court, upon the representation of one William Greenleaf, claiming to appear for the said Bartlett, in the said action, and in one in favor of the said Sutton, and one in favor of the said Greenleaf, against the said Bartlett, and fraudulently and improperly procuring said entries and said judgment; " and " that the term of the court, at which said actions were entered, commenced on the 15th day of June last, and that said term continued for the space of six days, and that, contrary to the statute in such case made and provided, judgment was rendered against said Bartlett on the fourth day of said term, and without there being any order made by said court."

The bill also contained a statement, that at the sale by the officer on the execution, the defendant was notified by the messenger, that the title of any one who should become the purchaser would be contested by the other creditors of Bartlett, on the ground that the judgment was inoperative and void ; that the officer received a similar notice from the messenger and from other creditors of Bartlett ; and that public

proclamation was made of such notice at the time of the sale. The other allegations of the bill are not material to be stated.

The defendant, in his answer, admitted all the facts above set forth, with the exception of the proceedings in the court of common pleas, relative to the action upon which the judgment in favor of the Quinsigamond Bank against Bartlett was founded.

The cause having been referred to a master, with an order to state the facts, he reported thereon substantially as follows : —

It appeared, by the docket of the clerk, that at the June term of the court of common pleas, for the county of Worcester, held on the third Monday of June, 1846, three actions were entered on the new docket against Alfred P. Bartlett. The entries and memoranda, with reference to these actions, were as follows : —

|  |  |
|---|---|
| 120  Prest &c of Quinsigd Bank vs Alfred P Bartlett | |
| Dam $421.87 | Wm Greenleaf for Deft |
| Cost   6.12 | ~~by C ex re~~ |
| Exn June 22d | (4) Judgt by agreement |

|  |  |
|---|---|
| 133  William Greenleaf vs Alfred P Bartlett | |
| Dam $112.69 | |
| Cost   6.12 | Wm Greenleaf for Deft |
| Exn June 22d | (4) ~~by C ex re~~ |
|  | Judgt by Agreement |

|  |  |
|---|---|
| 134  John Sutton vs Alfred P Bartlett | |
| Dam 2679 | Wm Greenleaf for Deft |
| Cost  6.12 | (4) ~~by C ex re~~ |
| Exon June 22 | Judgt by Agreement |

It further appeared, from the docket, that at the June term, 1846, the court adjourned on the 20th, after a session of six days. An affidavit of Mr. Kendall, late clerk of the courts in the county of Worcester, taken on the 23d of July, 1846, to be used as evidence before the supreme judicial court, for the purpose of obtaining an injunction to restrain the sale of Bartlett's right in equity on the execution against him, was

offered in evidence before the master, by the plaintiff. This affidavit was taken without notice to the defendant, who was not present at the taking of the same ; and Mr. Kendall, the affiant, died before the hearing. It appeared from Mr. Kendall's statement, that the entries on the docket, as above given, were correct, and that judgment was rendered in the several suits against Bartlett, as therein indicated; but Mr. Kendall did not recollect, that any order or direction was given or made by the court respecting the entries in these actions or either of them, except the order of continuance which was afterwards stricken out, as indicated by the line drawn through the entry thereof ; and there was no default in form made in either of the cases.

In relation to these actions, it also appeared by the books in the clerk's office, which were introduced in evidence before the master by the defendant, and which purported to be the records of the proceedings of the court, or of a part thereof, for the June term, 1846, that judgment was rendered in the said actions, as indicated by the several entries on the docket.

The following is a copy of the concluding part of the supposed record in the case of the Quinsigamond Bank against Bartlett. In the other cases, the entry was the same, *mutatis mutandis* : —

" Now in this term, William Greenleaf appears, as the attorney of the defendant, and agrees that the plaintiffs may have judgment for the amount claimed by them in and by the writ aforesaid. It is therefore considered by the court, that the said President, Directors, and Company of the Quinsigamond Bank recover against the said Alfred P. Bartlett the sum of four hundred and twenty-one dollars and eighty-seven cents, damage, and costs of suit, taxed at six dollars and twelve cents."

It appeared, that the above mentioned entries in the clerk's books, in reference to these actions, had never been examined and certified by Mr. Kendall, the late clerk, and were not in his handwriting.

A deposition of the Hon. Emory Washburn, taken before

the master, was also introduced by the plaintiff, from which it appeared, that the deponent was the presiding judge, by whom the court of common pleas was held at the June term, 1846, in Worcester; that when the actions against Bartlett were called, some one, supposed by the judge to be the attorney for the plaintiffs, said that the defendant was out of the commonwealth, whereupon the clerk said interrogatively to the judge, either "they will be continued," or "shall they be continued," to which the judge gave an affirmative answer, and saw the clerk make what the judge supposed to be an entry of the order for their continuance upon his docket; that the judge did not at any time during the term make any order for the entry of a judgment in favor of any of the plaintiffs in the actions against Bartlett; that he did not authorize any such entry, and knew of none having been made, until Bartlett's equity of redemption was advertised, by the officer, to be sold on the execution against him in favor of the bank.

To the following cross interrogatory, put by the defendant: — " When a continuance is entered by reason of the absence of the defendant from the commonwealth, and afterwards at the same term, there is an appearance for the defendant and consent to a default or judgment, is it not within the customary or common usage of the court of common pleas, for the clerk to change the entry according to the wishes of the parties, without a special application to the presiding judge ? " the deponent answered : — " In such cases, I have known applications to be made to the court, but I presume that such entries are made without the direction of the court, although I am unable to call to mind particular instances."

To the following cross interrogatory also put by the defendant : — " Is not the default business on the new docket disposed of in a great measure by the clerk, — defaults, judgments, continuances, &c., being entered by him according to the agreement of counsel, and the suggestions of the plaintiff's attorney, when there is no appearance, without application to the judge, — the clerk making such entries as are

usual, according with the general practice of the court ? " the deponent answered : — " The new docket is usually disposed of in the presence of the presiding judge,᾿ who ordinarily appears to pay little attention to the disposition of the actions, unless particularly applied to."

It further appeared from the deposition of judge Washburn, that it had been customary for many years, for the court to direct the clerk to call the new docket on the fourth day of the term, and the actions on the new docket had been then disposed of, unless for some reason there had been special orders made in regard to particular cases ; and that in relation to such cases, the disposition is often changed during the term by the clerk, with the consent of parties, but without any order of the court.

At the hearing before the master, the defendant objected to the introduction of any and all evidence tending to contradict or control the record ; and, instead of ruling upon any of the points of law arising upon the facts as above stated, the master referred the whole matter to the court, in accordance with the understanding of the parties. His report was agreed to be received as a statement of the facts.

*F. H. Dewey*, for the plaintiff, contended, that the sale of the equity of redemption on the execution against Bartlett was inoperative, because the judgment was not rendered in due course of law, upon a verdict or default, or by the order of the court ; because, after an order of the court that the cause should be continued, an entry of judgment was made by the clerk, without any direction from the court ; and because, although the court sat six days, the judgment purported to have been rendered on the fourth, which could not have been done without a special order of the court, and no such order appeared.

The memoranda on the clerk's docket, being of the nature of a record, are evidence. *Pruden* v. *Alden*, 23 Pick. 184 ; *Davidson* v. *Slocomb*, 18 Pick. 464 ; *Herring* v. *Polley*, 8 Mass. 113. But parol evidence is admissible to prove facts in addition to, and not contradictory of, the record. *Daven-*

*port* v. *Mason*, 15 Mass. 85; *Pease* v. *Smith*, 24 Pick. 122. The entries on the clerk's books, never having received the sanction of the clerk, are not records. If they were, they do not contradict the proceedings indicated by the docket; they simply fall short of, or do not fully carry out, the latter.

The affidavit of the clerk was admissible. *Whitney* v. *Sprague*, 23 Pick. 198. The objection, that it was taken without. notice to the defendant, ought not now to prevail; inasmuch as the affidavit was regularly made and sworn to at the time, and the clerk shortly afterwards died.

The evidence of the presiding judge does not contradict any thing of record.

The plaintiff may take advantage of the irregularity of the proceedings to set aside the sale. *Smith* v. *Saxton*, 6 Pick. 483; *Penniman* v. *Cole*, 8 Met. 496; *Downs* v. *Fuller*, 2 Met. 135.

*C. Allen*, for the defendant. It not being charged by the plaintiff in his bill, that there is any fraud to be imputed to the defendant, it is difficult to see upon what ground the bill can be maintained. If the judgment, under which the defendant derives his title, is erroneous, it should be set aside by a writ of error. But there is no evidence of any error in the judgment. By the docket, the entries in which are all in the handwriting of the clerk, it appears, that all the proceedings were regular. It is said, that the judgment could not have been rendered on the fourth day of the term, without a special order of the court, and that there was no such order. But it does not even appear, that the judgment was rendered on the fourth day of the term. The entry on the docket, "judgment by agreement," with a date, was made merely for the purpose of stopping the plaintiff's costs for attendance, and does not indicate a judgment of the court on the day when the agreement was so made.

When a judgment is rendered by agreement, the party against whom it is given cannot complain. He is estopped by his agreement. In the present case, Bartlett was estopped, and so also is the plaintiff, who claims title under him

When both parties are present in court, and an entry of judgment is made by agreement, it is not to be expected, that there should be written evidence of such agreement. It is not practicable, nor can it be necessary, to prove in every case, that the judge was applied to in the ordinary way, and that the entry was made in pursuance of a special order of the court. Unless there is some fraud or mistake, the entries of the clerk on the docket are not to be impeached. In this case, the docket remained in court two days, after the entry of these proceedings, and then the general order was passed in the usual form for judgment in all cases.

Shaw, C. J. This is a bill to redeem mortgaged premises. The plaintiff claims under a sale made by Dewey, as assignee of Alfred P. Bartlett. The defendant holds under a mortgage, which is admitted to be good, and which the plaintiff makes no objection to paying, in order to redeem. The defendant also claims to hold the equity of redemption under a sale on execution made by an officer on a judgment recovered against Bartlett, which, if valid, takes precedence of the sale by the assignee, and in consequence of which, if held good, the plaintiff cannot recover, without paying the amount for which the equity was sold. The plaintiff resists the allowance of this last claim, and insists that the defendant ought not to recover it, because the judgment on which the execution was issued, and the sale made, was irregular and void, and no good title passed under such sale. The facts are set forth in a report agreed to be taken as a statement of facts.

The court are of opinion, that the plaintiff Read is not entitled to redeem without paying, in addition to the mortgage, the amount for which the equity of redemption was sold, to satisfy the judgment recovered by the Quinsigamond Bank. The attachment of the bank, having been made before Bartlett went into insolvency, if duly followed by a judgment, execution and sale, gave the bank the prior lien. It is not contended by the defendant, that the judgment was void, on the ground

of fraud, either in claiming a debt where none was due, or in obtaining a judgment for any false or unlawful purpose. The complaint charges an irregularity only, supposed to arise from the appearance of the entries on the docket. The docket is the record, until the record is fully extended, and the same rules of presumed verity apply to it as to the record. Every entry is a statement of the act of the court, and must be presumed to be made by its direction, either by a particular order for that entry, or by a general order, or by a general and recognized usage and practice, which presupposes such an order. We must therefore presume that the several entries on the docket under this action were made by the clerk by proper authority. Nor is this presumption controlled by the testimony of the clerk or the judge. Taking the abbreviated entry for " continued out of the commonwealth," the same evidence, which proves the entry once rightfully made, proves the cancellation and revocation of it, and then it stands as if no such entry had been made. Then, as to the entry, " (4) judgment by agreement," it does not necessarily prove that judgment was to be entered as of that day ; it is an abbreviated expression, and may have been intended only to indicate the day on which the agreement was made, in order to regulate the disposition of the case, at the end of the term. In point of fact, we understand from the evidence, that the judgment was not made up, on which the execution issued, until after the rising of the court. But by the usage, an entry may be made by the clerk, without a special order ; but such usage, sanctioned by the court, gives the same effect to the entry as an act of the court, as if it were made by a special direction for that case.

*Decree accordingly.*